IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BELDEN TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. _____ |
| HUBBELL INCORPORATED, a Connecticut corporation, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff Belden Technologies, Inc. ("Plaintiff" or "Belden"), by and through its undersigned attorneys, and for its Complaint against Defendant Hubbell Incorporated ("Defendant" or "Hubbell"), states as follows:

## INTRODUCTION

1.      This is an action at law and in equity for trademark infringement and unfair competition arising under federal statutes, with state and/or common law claims for trademark infringement, unfair competition, and dilution.  Plaintiff Belden seeks damages, attorneys' fees, and costs and preliminary and permanent injunctive relief.

2.      Defendant is offering for sale and advertising electrical wires and accessories using confusingly similar imitations of Plaintiff's registered and common law trademarks. Plaintiff has not authorized Defendant to sell such electrical wires and accessories bearing Plaintiff's trademarks.  Moreover, Defendant's products are not connected to or affiliated with Plaintiff in any manner.  Defendant's use of confusingly similar imitations of Plaintiff's federally

1477040.04

registered and common law marks for its products, services and advertisements is likely to cause confusion and to deceive consumers and the public regarding their source, and Defendant's actions dilute and tarnish the distinctive quality of Plaintiff's marks.

## JURISDICTION AND VENUE

3. Plaintiff asserts claims under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  This Court, therefore, has subject matter jurisdiction under to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has subject matter jurisdiction over the related state law and common law claims under 28 U.S.C. §§ 1338 and 1367 in that the state law and common law claims are so related to the other claims in the action that they form part of the same case or controversy.

5. In addition, this Court has subject jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.

6. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is doing business within this District, has engaged in acts or omissions within this District causing injury in this District, has engaged in acts or omissions outside of this District causing injury within this District or has otherwise made or established contacts with this District sufficient to permit the exercise of personal jurisdiction over Defendant.

## PARTIES

8.  Plaintiff Belden Technologies, Inc. is a Delaware corporation whose business address is 7701 Forsyth Boulevard, Suite 800, St. Louis, Missouri 63105.

9.  On information and belief, Defendant Hubbell Incorporated. is a Connecticut corporation whose address is 584 Derby Milford Road, Orange, Connecticut 06477.

## FACTS COMMON TO ALL COUNTS

10.  Plaintiff Belden is a world-class manufacturer of signal transmission products including products for the entertainment, residential, industrial and security markets. Belden also is one of the largest U.S.-based manufacturers of high-speed electronic cables.

11.  Belden provides signal transmission solutions for a wide range of markets. Belden's products include copper and fiber optic cables, connectors, cable management products, and Power over Ethernet.

## BELDEN'S HOMECHOICE MARKS

12.  Belden is the owner of numerous trademarks associated with the offering of its electrical wires, cables and accessories.

13.  At least as early as September 2001, Belden began using its HOMECHOICE word mark (the "HOMECHOICE Word Mark") in connection with the sale of various electrical wires, cables and accessories.

14.  Belden thereafter applied for and was granted federal trademark registration for the HOMECHOICE Word Mark.

15.  On January 7, 2003, the United States Patent and Trademark Office ("USPTO") issued Reg. No. 2,672,851, granting registration to Belden for the HOMECHOICE Word Mark, in connection with electrical cables for use with residential automatically controlled systems,

apparatuses, or processes. This mark has become incontestable as affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065. A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 1.

16. At least as early as September 2002, Belden began using its HOMECHOICE logo mark (the "HOMECHOICE Logo Mark") in connection with the sale of various electrical wires, cables and accessories as depicted below:



17. Belden thereafter applied for and was granted federal trademark registration for the HOMECHOICE Logo Mark.

18. On November 2, 2004, the USPTO issued Reg. No. 2,899,359, granting registration to Belden for the HOMECHOICE Logo Mark, in connection with electrical cables for use with residential automatically controlled systems, apparatuses or processes. A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 2.

19. The HOMECHOICE Logo Mark and HOMECHOICE Word Mark are collectively referred to herein as the "HOMECHOICE Marks."

20. Belden's HOMECHOICE Marks are used in the company's brochures, catalogues, advertisements, websites and other promotional items in connection with Belden's sales of electronic wires, cables and accessories, among other things.

21. For many years, Belden extensively and continuously used and promoted the HOMECHOICE Marks in connection with electrical wires, cables and accessories.

22. Belden has expended considerable effort and resources in marketing, advertising, promoting and selling its electrical wires, cables and accessories under the HOMECHOICE Marks throughout the United States and worldwide and Belden prominently displays the HOMECHOICE Marks in its advertising for its electrical wires, cables and accessories to promote the same to current and potential customers.

23. Belden's HOMECHOICE Marks are valid, distinctive, or have acquired distinctiveness, and are protectable at common law.

## DEFENDANT'S UNLAWFUL ACTIVITIES

24. On information and belief, Defendant engages in the business of selling electrical switches, receptacles and outlet covers, outlet wall plates and various other electrical accessories.

25. On June 28, 2007, Belden instituted an Opposition Proceeding, No. 91178087, before the Trademark Trial and Appeal Board opposing Defendant's application for registration of a trademark, based upon Hubbell's indicated intent to use a confusingly similar imitation of Belden's HOMECHOICE Marks for use in Defendant's business of selling electrical accessories.

26. Since commencement of the Opposition Proceeding, Belden has learned and has reason to believe that Defendant now markets, sells and offers for sale goods in interstate commerce that bear one known confusingly similar imitation of Belden's HOMECHOICE marks, as depicted below:

**Belden's HOMECHOICE Mark**



**Defendant's Imitation**



27. The goods distributed, offered for sale and sold by Defendant are not manufactured by Belden, nor is Defendant associated or connected with Belden, or licensed, authorized, sponsored, endorsed or approved by Belden in any way.

28. Defendant's use of the term "homeSELECT" and associated design in marketing its electrical wiring and accessories is strikingly similar to Belden's HOMECHOICE Marks.

29. Notably, the first portion of Defendant's infringing term "homeSELECT"—"HOME"—is identical to the first portion of Belden's HOMECHOICE Marks. Moreover, the

second half of Defendant's infringing term—"SELECT"—is a synonym for the second portion of Belden's HOMECHOICE Marks, "CHOICE."

30. Defendant's infringing phrase and logo also incorporates the roofline of a house over the text "homeSELECT," just as Belden's HOMECHOICE Logo Mark uses a roofline over the text HOMECHOICE. Additionally, the roofline of both logos is off-center so that the peak of the roof is toward the left side of the text.

31. Defendant's use of the confusingly similar imitations of Belden's HOMECHOICE Marks is likely to deceive, confuse and mislead prospective purchasers and current purchasers into believing that electrical wiring and accessories sold by Defendant are manufactured by, authorized by or in some manner associated with Belden, when they are not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Belden's HOMECHOICE Marks is causing irreparable harm to the goodwill symbolized by the HOMECHOICE Marks and the reputation for quality that the HOMECHOICE Marks embody.

32. Defendant's activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective purchasers and others viewing Defendant's electrical wiring and accessories at the point of sale or otherwise are likely—due to Defendant's use of confusingly similar imitations to the HOMECHOICE Marks—to mistakenly attribute the goods to Belden. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the HOMECHOICE Marks and the reputation for quality that the HOMECHOICE Marks embody.

33. On information and belief, Defendant continues to use confusingly similar imitations of Belden's HOMECHOICE Marks in connection with the sale of products that are directly competitive to, are closely associated with, and/or sold in the same channels of trade and commerce as those goods offered by Belden.

34. Defendant began selling goods bearing the infringing homeSELECT term and associated design well after Belden established protectable rights in its HOMECHOICE Marks.

35. On information and belief, Defendant knowingly, willfully, intentionally and maliciously adopted and used confusingly similar imitations of Belden's HOMECHOICE Marks to confuse customers and potential customers and trade on the reputation and goodwill associated with Belden and its HOMECHOICE Marks.

36. The goodwill of Belden's HOMECHOICE Marks is of great value, and Belden will suffer irreparable harm should infringement, false designation of origin, unfair competition, and/or other violations of Belden's rights be allowed to continue to the detriment of Belden.

37. Defendant's unlawful conduct will continue unless enjoined by this Court.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114(a))

38. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. Plaintiff owns and enjoys rights in and to the federally registered HOMECHOICE Word Mark and HOMECHOICE Logo Mark, which rights are superior to any rights which Defendant may claim in any form or style with respect to its infringing phrase "homeSELECT" and associated design.

40. Defendant's use of confusingly similar imitations of Belden's federally registered HOMECHOICE Marks is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Belden, or are associated or connected with Belden, or have the sponsorship, endorsement or approval of Belden.

41. Defendant has used marks that are confusingly similar to Belden's federally registered HOMECHOICE Marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers, potential customers and members of the public and injury to Belden's goodwill and reputation as symbolized by Belden's federally registered HOMECHOICE Marks, for which Belden has no adequate remedy at law.

42. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Belden's federally registered HOMECHOICE Marks to Belden's great and irreparable injury.

43. The injury is continuing and is immediate and irreparable and Belden lacks an adequate remedy at law.

44. Defendant has caused and is likely to continue causing substantial injury to the public and to Belden, and Belden is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, and other applicable law.

## COUNT II
### Federal Unfair Competition
### (15 U.S.C. § 1125(a))

45. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

46. Plaintiff owns and enjoys rights in and to the HOMECHOICE Word Mark and HOMECHOICE Logo Mark, which rights are superior to any rights which Defendant may claim in any form or style with respect its infringing phrase "homeSELECT" and associated design.

47. Defendant's use of a confusingly similar design and term to Belden's HOMECHOICE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are distributed by Belden, or are affiliated, connected, or associated with Belden, or have the sponsorship, endorsement, or approval of Belden.

48. Defendant has made false representations, false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers, potential customers and members of the public and injury to Belden's goodwill and reputation as symbolized by Belden's HOMECHOICE Marks, for which Belden has no adequate remedy at law.

49. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Belden's HOMECHOICE Marks to Belden's great and irreparable injury.

50. The injury is continuing and is immediate and irreparable and Belden lacks an adequate remedy at law.

51. Defendant has caused and is likely to continue causing substantial injury to the public and to Belden, and Belden is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117, and other applicable law.

## COUNT III
### Missouri State Trademark Dilution
### (Missouri Revised Statute § 417.061, *et seq.*)

52. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

53. Belden owns and enjoys common law rights to the HOMECHOICE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing phrase "homeSELECT" and associated design.

54. Defendant's use of the infringing homeSELECT term and associated design dilutes and is likely to continue to dilute the distinctiveness of Belden's HOMECHOICE Marks by eroding the public's exclusive identification of the HOMECHOICE Marks with Belden, tarnishing and degrading the positive associations of the HOMECHOICE Marks, and otherwise lessening the capacity of the HOMECHOICE Marks to identify and distinguish Belden's products.

55. Defendant is causing and will continue to cause irreparable injury to Belden's goodwill and reputation, and dilution of the distinctiveness and value of Belden's distinctive HOMECHOICE Mark in violation of Missouri antidilution statute, Mo. Rev. Stat. § 417.061(1).

56. Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with Belden's HOMECHOICE Marks to Belden's great and irreparable injury.

57. The injury is continuing and is immediate and irreparable and Belden lacks an adequate remedy at law.

58. Defendant has caused and is likely to continue causing substantial injury to the public and to Belden, and Belden is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## COUNT IV
### Common Law Trademark Infringement

59. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

60. Belden owns and enjoys common law rights to the HOMECHOICE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing phrase "homeSELECT" and associated design.

61. Defendant's use of a confusing similar design and term to Belden's HOMECHOICE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are distributed by Belden, or are affiliated, connected, or associated with Belden, or have the sponsorship, endorsement, or approval of Belden.

62. Defendant's acts constitute common law trademark infringement in violation of the common law.

63. Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with Belden's HOMECHOICE Marks to Belden's great and irreparable injury.

64. The injury is continuing and is immediate and irreparable and Belden lacks an adequate remedy at law.

65. Defendant has caused and is likely to continue causing substantial injury to the public and to Belden, and Belden is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## COUNT V
### Common Law Unfair Competition

66. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

67. Belden owns and enjoys common law rights to the HOMECHOICE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing phrase "homeSELECT" and associated design.

68. Defendant's use of a confusing similar design and term to Belden's HOMECHOICE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are distributed by Belden, or are affiliated, connected, or associated with Belden, or have the sponsorship, endorsement, or approval of Belden.

69. Defendant's acts constitute common law unfair competition in violation of the common law.

70. Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with Belden's HOMECHOICE Marks to Belden's great and irreparable injury.

71. The injury is continuing and is immediate and irreparable and Belden lacks an adequate remedy at law.

72. Defendant has caused and is likely to continue causing substantial injury to the public and to Belden, and Belden is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Belden Technologies, Inc. respectfully demands judgment in its favor and against Defendant Hubbell Incorporated and prays:

A. That Defendant, its agents, employees, assigns, and all those in concert and privity with him be temporarily, preliminarily, and permanently enjoined from:

   a. manufacturing, distributing, marketing, selling or offering for sale any goods which bear any colorable imitation of the HOMECHOICE Marks alone in combination with any other words or symbols, including but not limited to, using the infringing "homeSELECT" term and associated design;

   b. using any terms, marks, words or symbols which so resemble either of the HOMECHOICE Marks or any names, marks or designations of Belden as to be likely to cause confusion, mistake, deception or misunderstanding in connection with the manufacture, distribution, advertising, promotion or sale of any product which is not authorized by Belden, including by not limited to, the infringing "homeSELECT" term and associated design;

   c. expressly or by implication, representing that Defendant and its goods are those of or are affiliated with, or authorized, licensed, endorsed or sponsored by Belden or it subsidiaries, affiliates or related companies;

   d. making or engaging in any express or implied false descriptions, false designations or false representation with respect to the products of Defendant in violation of Section 32 or Section 43(a) of the Lanham Act; and

   e. otherwise infringing upon the HOMECHOICE Marks or unfairly competing with Belden in any manner whatsoever;

B. That Belden be awarded damages for Defendant's infringement and dilution of Belden's HOMECHOICE Marks and Defendant's unfair trade practices as they relate to Belden's HOMECHOICE Marks, such damages and monetary relief to compensate Belden for all losses, including loss of revenue and goodwill;

C. That Belden be awarded treble damages as permitted by 15 U.S.C. § 1117;

D. That Defendant, pursuant to Missouri Revised Statute § 417.061, be enjoined from using the infringing term "homeSELECT" and associated design or any substantially similar phrase or design;

E.	That Belden be awarded punitive damages due to Defendant's intentional, willful, and malicious infringement of Belden's trademarks and reckless indifference to Belden's rights;

F.	An assessment of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, against Defendant and for Belden; and

G.	That Belden be awarded such other and further relief as provided in the Lanham Act and other applicable law, and as the Court may deem appropriate, along with prejudgment interest.


Dated:  December 17, 2008	Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By:	/s/ Frank B. Janoski
	Frank B. Janoski, #3480
By:	/s/ Bridget Hoy
	Bridget Hoy, #109375

500 North Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone:  (314) 444-7600
Facsimile:  (314) 241-6056
E-mail: fjanoski@lewisrice.com
E-mail:  bhoy@lewisrice.com

*Attorneys for*
*Plaintiff Belden Technologies, Inc.*